No. 17968—J. B. Gearhart et al, trustees, v. Martha E. Richardson. Error to the Court of Appeals of Summit county.

1271. WILLS—Whether action construing is a chancery case and appealable—Constitutional law—Gifts for charitable purposes—Court to determine method of administration of charitable trusts.

DAY, J.

1. An action construing a will creating a charitble trust is equitable in nature, and is, therefore, a chancery case within the meaning of Section 6, Article IV of the Constitution of Ohio as amended September 3, 1912, and appeal lies to the Court of Appeals from a decree terminating such trust.

2. Gifts for charitable purposes have always been favored in equity, and trusts created for such purposes are carried into effect upon broad liberal principles of equity jurisprudence under circumstances where a purely private trust might fail.

3. A charitable trust, capable of being enforced, will not be terminated because of a small change incident to the method of administration, which does not alter the purpose or object of the trust, nor vary the class of beneficiaries, nor divert the fund from the charitable purposes named by the donor; nor will said trust fail because the trustees have not acted, nor fully carried said trust into operation; but if the founder describes the general nature of a valid charitable trust, and names the class of beneficiaries, he may leave the details of its administration to be settled by the trustees under the guidance of a court of equity.

Judgment reversed.

Marshall, C .J., Wanamaker, Jones, Matthias and Allen, JJ., concur. Robinson, J.,

took no part in the consideration or decision of the case.

___

No. 18233—The State ex rel James K. Lindley v. The Maccabees, a Michigan corporation. In Quo Warranto.

985. QUO WARRANTO—Action by claimant of public office brought in his private capacity—Original jurisdiction.

JONES, J.

1. The only authority given an individual to institute an action in quo warranto is found in Section 12307, General Code. Under its provisions one claiming title to a public office may bring such action in his private capacity.

2. Section 2, Article IV, of our Constitution, as amended in 1912, merely confers original jurisdiction in quo warranto upon this court; it grants no power of invocation, but safeguards the remedy only where the law empowers its exercise.

Writ denied.

Marshall, C. J., Matthias and Day, JJ., concur.

Wanamaker, Robinson and Allen, JJ., took no part in the consideration or decision of the case.

___

No. 18013—The Travelers Insurance Company of Hartford, Conn., v. the Village of Wadsworth, O. Error to the Court of Appeals of Medina county.

801. —MUNICIPAL LAW—Village trustees may take indemnity policy—Proprietary powers and capacity fo to act.

ALLEN, J.

1. The board of trustees of public affairs of a village which under authority granted by the constitution and general law operates an electric light and power plant and lines, has power within Section 4361 and 3961 GC., to contract for an insurance policy of indemnity against liability for the operation of the said porperty.

2. The power to establish, maintain and operate a municipal light and power plant, under the constitution and statutes aforesaid, is a proprietary power and in the absence of specific prohibition, the city, acting in a proprietary capacity, may exercise its powers as would an individual or private corporation.

Judgment reversed.

Marshall, C. J., Jones, Matthias and Day, JJ., concur. Robinson, J., took no part in the consideration or decision of the case.